UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------x
                                                          :
In re:                                                    :   Chapter 11
                                                          :
AURORA COMMERCIAL CORP., et al.,                          :   Case No. 19-10843 (SCC)
                                                          :   (Joint Administration Pending)
                         Debtors.¹                        :
                                                          :
---------------------------------------------------------- x
```

**INTERIM ORDER (I) AUTHORIZING
CONTINUED USE OF EXISTING CASH MANAGEMENT PRACTICES, BANK
ACCOUNTS, AND BUSINESS FORMS; AND (II) AUTHORIZING THE
CONTINUANCE OF INTERCOMPANY TRANSACTIONS**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") under sections 105, 363, and 503 of title 11 of the United States Code (the "Bankruptcy Code"): (a) authorizing the Debtors to continue using their existing Cash Management Practices, Bank Accounts, and Business Forms, in each case subject to changes that they may make thereto in their sole discretion; and (b) authorizing the continuance of intercompany transactions and, to the extent applicable, granting administrative expense status to postpetition intercompany claims between the Debtors pursuant to Bankruptcy Code section 503(b)(1); and upon consideration of the First-Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore; it is hereby

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows: Aurora Commercial Corp. (3416) and Aurora Loan Services, LLC (7742). The Debtors' corporate headquarters is located at 277 Park Avenue, 46th Floor, New York, New York 10172.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First-Day Declaration.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein on an interim basis until entry of a final Order on the Motion.

2. The Debtors are authorized to continue their Cash Management Practices, and use the Bank Accounts (including, without limitation, the Bank Accounts identified in Exhibit 1 hereto). The Debtors may transfer funds in, out of, and through the Bank Accounts in accordance with their Cash Management Practices in accordance with the agreements governing the Bank Accounts, including, without limitation, any Bank Account Agreements. In connection with the ongoing utilization of their Cash Management Practices, the Debtors shall continue to maintain records with respect to all transfers of cash, including without limitation the Intercompany Transactions, so that all transactions are adequately documented and readily ascertainable.

3. Nothing contained herein shall prevent the Debtors from opening any additional bank accounts with depositories included on the List of Authorized Depositories for the Southern District of New York as maintained by the Office of the United States Trustee, or closing any existing Bank Accounts as they may deem necessary and appropriate. The Banks are authorized to honor the Debtors' request to open or close, as applicable, such Bank Accounts or other bank accounts. The Debtors shall notify the U.S. Trustee of the opening of any new Bank Accounts or closing of any existing Bank Accounts by providing information regarding any such new or closed account in the Debtors' monthly operating reports.

4. The Debtors are authorized to continue using their existing business forms (including, but not limited to, business letterhead, purchase orders, invoices, envelopes, promotional materials and other business forms and correspondence) without reference to the

Debtors' status as debtors in possession; provided, however, that upon depletion of their existing business forms, the Debtors shall stamp or print their new check stock and new business forms with "Debtor in Possession" and the chapter 11 case number under which these cases are being administered in compliance with the U.S. Trustee Guidelines; provided, further, that the Debtors shall immediately stamp or print all electronic business forms with "Debtor in Possession" and the chapter 11 case number.

5. The Debtors are authorized to enter into and engage in the postpetition Intercompany Transactions; *provided*, *however*, that payment of prepetition claims in these Chapter 11 Cases shall only be made pursuant to Court order.

6. All postpetition payments from ACC to ALS related to or in connection with any postpetition Intercompany Transaction are hereby accorded administrative expense status or shall be accounted for in satisfaction of an administrative claim.

7. All Banks where the Debtors maintain Bank Accounts are authorized to: (a) continue to service and administer the Bank Accounts in the manner maintained prior to the Petition Date, without interruption, in the usual and ordinary course; (b) continue to deduct, without further order of this Court, from the appropriate Bank Accounts the Banks' customary fees and expenses associated with the nature of the deposit or cash management or custodial services rendered to the Debtors; and (c) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, to the extent of funds on deposit, drawn or issued by the Debtors (i) after the Petition Date, or (ii) prior to the Petition Date, if such applicable Bank has been specifically authorized to honor such check by order of this Court.

8. The Banks are authorized and directed to (a) continue administering the Bank Accounts in the usual and ordinary course of business in accordance with the Debtors' instructions and pursuant to the Bank Account Agreements, (b) pay any and all checks, drafts, wires, or electronic funds transfers presented, issued, or drawn on the Bank Accounts on account of any claims arising postpetition so long as sufficient funds are available in such Bank Accounts unless the Debtors specifically issue "stop payment" instructions with respect to such items in accordance with the terms of the Bank Account Agreements, (c) honor the Debtors' directions with respect to the opening or closing of any Bank Account, and (d) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions.

9. Such Banks may rely on this Order and on the Debtors' representations and instructions as to the payments and transfers that may be honored or dishonored in accordance with the terms of the Bank Account Agreements. The Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of the Court or (b) honoring any checks, drafts, wires or electronic funds transfers presented in a good faith belief that the Court has authorized the honoring of such checks, drafts, wires, or electronic funds transfers.

10. This Order shall apply to any and all Bank Accounts of the Debtors that are used consistently with the Cash Management Practices, even if such Bank Accounts do not appear on the list attached as Exhibit 1 hereto. Any and all accounts opened by the Debtors on or after the Petition Date at any Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on Exhibit 1 hereto) and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order.

11. To the extent any other order is entered by the Court directing Banks to honor checks, drafts, automated clearing house transfers, or other electronic funds transfers or any other withdrawals made, drawn, or issued in payment of prepetition claims, the obligation to honor such items shall be subject to this Order, provided, however, notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral and any budget in connection therewith.

12. The Debtors are authorized, but not directed, in their business judgment, to continue Intercompany Transactions in the ordinary course of business, including, the provision of funding to non-Debtor affiliates; provided, however, that the Debtors shall (a) keep records of any postpetition intercompany transfers that occur during the chapter 11 cases, and (b) put in place accounting procedures to identify and distinguish between the prepetition and postpetition Intercompany Claims and to track postpetition Intercompany Claims.

13. Notwithstanding the relief granted in this Order, any payments made by the Debtors pursuant to the authority granted herein shall be subject to any order authorizing the use of post-petition financing and cash collateral.

14. The requirements of Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

15. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

16. The Debtors shall serve a copy of the Motion and this Order within three (3) business days after entry thereof by fax, electronic mail, or overnight mail, on the Notice Parties

(as defined below). Any objections to the Motion and entry of a final order thereon (the "Final Order") must be filed with the Court and served on the following parties (the "Notice Parties") so as to be actually received by April 9, 2019 at 5:00 p.m. (Prevailing Eastern Time):

(a) the Debtors, c/o Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Kyle J. Ortiz (kortiz@teamtogut.com);

(b) William K. Harrington, United States Trustee, 201 Varick Street, Rm. 1006, New York, NY 10014 (Attn.: Andrea B. Schwartz, Esq.); and

(c) the parties listed in the consolidated list of the twenty (20) largest unsecured creditors filed by the Debtors in these chapter 11 cases, or if any official committee of unsecured creditors has been appointed, counsel to such committee.

17. The final hearing on the Motion shall be on April 16, 2019 at 3:00 p.m. (Prevailing Eastern Time). The Court may enter the Final Order without further notice or hearing if no objections are timely filed and served.

18. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

19. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, this Order shall be immediately effective and enforceable upon its entry.

*[Concludes on Following Page]*

20. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

21. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York
March 26, 2019

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1:
### Account List

| BANK NAME | BANK LOCATION | ACCOUNT NUMBER (LAST FOUR DIGITS) | ACCOUNT TYPE | HOLDER |
| --- | --- | --- | --- | --- |
| 1. CitiBank, N.A. | New York, NY | 2669 | Operating | ACC |
| 2. US Bank, N.A. | Minneapolis, MN | 3727 | Operating | ACC |
| 3. US Bank, N.A. | Minneapolis, MN | 3812 | Operating | ACC |
| 4. US Bank, N.A. | Minneapolis, MN | 8196 | Operating | ALS |