TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Fax: (212) 967-4258
Albert Togut
Frank A. Oswald
Kyle J. Ortiz

*Counsel to the Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                              :
In re:                                        :   Chapter 11
                                              :
AURORA COMMERCIAL CORP., *et al.,*            :   Case No. 19-10843 (SCC)
                                              :   (Joint Administration)
                    Debtors.[1]               :
                                              :   Related Doc. No. 482
-----------------------------------------------------------x

## STIPULATION AND ORDER PURSUANT TO 11 U.S.C § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C § 362(a)

This stipulation and order (the "Stipulation and Order") is entered into by and between

(i) Aurora Commercial Corp. ("ACC") and Aurora Loan Services LLC ("ALS") as debtors and

debtors in possession in the above-captioned cases (collectively, the "Debtors"); and

(ii) CONVENTIONAL/FHA/VA/RHS: Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar

Mortgage LLC d/b/a Mr. Cooper," and together with the Debtors, the "Parties").

---

[1]    The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are:  Aurora Commercial Corp. (3416) and Aurora Loan Services LLC (7742). Aurora Loan Services LLC is a wholly owned subsidiary of Aurora Commercial Corp., successor entity to Aurora Bank, FSB, f/k/a Lehman Brothers Bank, FSB.  The Debtors' corporate headquarters is located at 277 Park Avenue, 46th Floor, New York, New York 10172.

## RECITALS

**WHEREAS**, Nationstar Mortgage LLC d/b/a Mr. Cooper has requested relief from the automatic stay for the purpose of completing a judicial foreclosure action for the foreclosure and sale of real property (the "Foreclosure and Sale") located at 186A 32nd Street, Brooklyn, New York 11232 (the "Property") owned by Thecla Mohansingh (the "Borrower"), pursuant to the terms of a note and mortgage dated November 22, 2006 (the "Note and Mortgage").

**WHEREAS**, Nationstar Mortgage LLC d/b/a Mr. Cooper believes that ACC is the holder of a junior lien on the Mortgage.

**WHEREAS**, the Debtors, after reviewing their books and records, have determined that they currently do not hold any interest in the Property.

**WHEREAS,** the Debtors have consented to the relief sought on the terms and conditions contained in this Stipulation and Order.

**NOW THEREFORE,** it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, as follows:

1.      To the extent applicable, the automatic stay imposed in this case pursuant to section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") is modified under section 362(d) of the Bankruptcy Code solely to the extent necessary to allow Nationstar Mortgage LLC D/B/A Mr. Cooper  to initiate and complete a foreclosure and sale of the Property.  The automatic stay imposed is modified both with respect to any interest the Debtors hold or service in a subordinate lien encumbering the Property.

2.      Nothing in this Stipulation and Order shall be deemed to affect the rights of any entity to contest the relative priority of the senior lien serviced by Nationstar Mortgage LLC

2

d/b/a Mr. Cooper  encumbering the Property in any subsequent foreclosure proceeding.

3.    This Stipulation and Order may be filed in connection with any proceedings to enforce Nationstar Mortgage LLC d/b/a Mr. Cooper 's rights and remedies under the Note and Mortgage with respect to the Property.

4.    Upon the date this Stipulation is approved by the Court pursuant to a final, non-appealable order (the "Effective Date"), as consideration for entry into this Stipulation, the Debtors, on behalf of themselves, their heirs, representatives and assigns, do hereby fully, finally and forever waive, release and/or discharge Nationstar Mortgage LLC d/b/a Mr. Cooper, and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, partners, subsidiaries, predecessors, successors, employees, attorneys and agents from any and all of the Debtors' claims, causes of action suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, asserted or unasserted arising out of or relating to the Foreclosure and Sale of the Property (including, without limitation, preference and other chapter 5 avoidance actions, if any, that the Debtors may have against Nationstar Mortgage LLC d/b/a Mr. Cooper,) to the extent permitted by law.

5.    Upon the Effective Date, as consideration for entry into this Stipulation, Nationstar Mortgage LLC d/b/a Mr. Cooper, on behalf of itself, its heirs, representatives and assigns, do hereby fully, finally and forever waive, release and/or discharge the Debtors and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, partners, subsidiaries, predecessors, successors, employees, attorneys and agents from any and all of Nationstar Mortgage LLC d/b/a Mr. Cooper's claims, causes of action suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or

unknown, asserted or unasserted arising out of or relating to the Foreclosure and Sale of the Property to the extent permitted by law.

6.  The Debtors disclaim any interest in the Property.

7.  This Stipulation and Order represents the entire agreement of the Parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

8.  This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

9.  If any of the provisions of this Stipulation and Order are determined to be unenforceable, it shall not render the entire Stipulation and Order unenforceable, but only that provision.

10.  Pursuant to rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, the imposed fourteen-day stay of this Stipulation and Order is deemed waived.

11.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

**\*\*\* SIGNATURES ON FOLLOWING PAGE\*\*\***

Dated: June 15, 2020
New Rochelle, New York


NATIONSTAR MORTGAGE LLC D/B/A
MR. COOPER  BANK USA, N.A.
By its Counsel
McCABE, WEISBERG &
CONWAY, LLC,


By:


*/s/ Melissa S. DiCerbo*
MELISSA S. DICERBO
145 Huguenot Street, Ste. 210
New Rochelle, NY 10801
(914) 636-8900

Dated:  June 15, 2020
New York, New York


AURORA COMMERCIAL CORP., *et al*.,
*Debtors and Debtors in Possession*
By their Counsel
TOGUT, SEGAL & SEGAL LLP,


By:


*/s/ Kyle J. Ortiz*
ALBERT TOGUT
FRANK A. OSWALD
KYLE J. ORTIZ
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000


**SO ORDERED** this 7th day of July 2020
in New York, New York


/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE


5