UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

GERARD PIERRE,

                Appellant,          19cv11207 (JGK)

      - against -             MEMORANDUM OPINION &
                                                                 ORDER
AURORA COMMERCIAL CORP.,

                Appellee.
────────────────────────────────

JOHN G. KOELTL, District Judge:

    The pro se appellant Gerard Pierre appeals from an order of the United States Bankruptcy Court for the Southern District of New York (Chapman, J.), entered November 14, 2019 sustaining the objection of the debtor, the appellee in this Court, to the proof of claim filed by Pierre. For the reasons that follow, the matter is remanded to the bankruptcy court for the limited purpose of resolving Pierre's motion to extend the time to appeal. In re Aurora Commercial Corp., No. 19-10843 (Bankr. S.D.N.Y. Dec. 4, 2019), Dkt. No. 262.

    "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Compliance with Rule 8002(a) is jurisdictional, and "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal," even when the appellant is a pro se litigant. In re Siemon, 421 F.3d 167,

1

169 (2d Cir. 2005) (per curiam). A party may seek an extension of time under Rule 8002(d)(1) from "the bankruptcy court" provided that the party moves "within 21 days after [the time to appeal expires], if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1); Todd v. Dribusch, No. 20-cv-45, 2020 WL 1434154, at *1 (N.D.N.Y. Mar. 24, 2020).

In this case, the bankruptcy court issued the order sustaining the debtor's objection to Pierre's proof of claim on November 13, 2019. Dkt. No. 241. On December 4, 2019, Pierre filed a notice of appeal in the bankruptcy court that Pierre was appealing the order sustaining the debtor's objection to Pierre's proof of claim. Dkt. No. 261. Also on December 4, 2019, Pierre filed a motion to extend the time to appeal with the bankruptcy court citing excusable neglect. Dkt. No. 262. On December 6, 2019, Pierre's notice of appeal was transmitted to this Court. This notice of appeal was untimely under Rule 8002(a), and therefore this Court lacks jurisdiction over the appeal unless the bankruptcy court grants Pierre's motion for an extension of time to appeal. However, because the bankruptcy court did not decide Pierre's motion for an extension of time to file an appeal, the matter is remanded to the bankruptcy court for the limited purpose of determining, in the first instance, whether Pierre has established excusable neglect within the meaning of Rule 8002(d)(1), and whether the time to appeal

should be extended. See Todd, 2020 WL 1434154, at *2 (employing a limited remand to the bankruptcy court to resolve a motion for an extension of time to appeal).

## CONCLUSION

The matter is remanded to the bankruptcy court for the limited purpose described in this order. The parties should promptly notify the Court upon the bankruptcy court's resolution of the matter. Chambers will mail a copy of this order to the pro se appellant.

**SO ORDERED.**

**Dated:    New York, New York
           July 16, 2020                    /s/ John G. Koeltl
                                            John G. Koeltl
                                     United States District Judge**