TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Kyle J. Ortiz

*Counsel to the Post-Confirmation Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re:                                                  :    Chapter 11
:
AURORA COMMERCIAL CORP., *et al.,*   :    Case No. 19-10843 (SCC)
:    (Jointly Administered)
Post-Confirmation Debtors.[1]             :
:
------------------------------------------------------------ x

## STIPULATION AND ORDER PURSUANT TO 11 U.S.C § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C § 362(a)

This stipulation and order (the "Stipulation") is entered into by and between (i) Aurora Commercial Corp. ("ACC") and Aurora Loan Services LLC ("ALS") as post-confirmation debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); and (ii) AMIP Management, LLC as servicer for Wilmington Savings Fund Society, FSB, as owner Trustee of the Residential Credit Opportunities Trust V-E (together with any successor or assign, "AMIP Management, LLC" and together with the Debtors, the "Parties").

## RECITALS

**WHEREAS**, relief from the automatic stay is being requested by AMIP Management, LLC with respect to the property known as 6030 Simpson Street, Portland, Oregon

---

[1]  The post-confirmation Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are: Aurora Commercial Corp. (3416) and Aurora Loan Services LLC (7742). The Debtors' corporate headquarters is located at 277 Park Avenue, 46th Floor, New York, New York 10172.

97218 (the "Property") to prosecute a foreclosure and sale of the Property (the "Foreclosure and Sale"); and

**WHEREAS**, the Debtors, after reviewing their books and records, have determined that they currently do not hold any interest in the Property; and

**WHEREAS,** the Debtors have consented to the relief sought on the terms and conditions contained in this Stipulation.

**NOW THEREFORE,** it is hereby stipulated and agreed as between the Parties to this Stipulation, through their undersigned counsel, as follows:

1. To the extent applicable, the automatic stay imposed in this case pursuant to section 362(a) of title 11 of the United States Code is modified under section 362(d) of the Bankruptcy Code solely to the extent necessary to allow AMIP Management, LLC to complete the Foreclosure and Sale of the Property, and to complete any subsequent eviction or other enforcement of its applicable non-bankruptcy rights to the Property.

2. Nothing in this Stipulation shall be deemed to affect the rights of any entity to contest the relative priority AMIP Management LLC's mortgage and security interest in the Property in any subsequent foreclosure proceeding.

3. By entering into this Stipulation, AMIP Management, LLC hereby represents that it is an agent for Wilmington Savings Fund Society, FSB, as owner Trustee of the Residential Credit Opportunities Trust V-E with authority to seek relief from the automatic stay and enter into this Stipulation on behalf of Wilmington Savings Fund Society, FSB, as owner Trustee of the Residential Credit Opportunities Trust V-E.

4. This Stipulation may be filed or recorded in connection with any proceedings to enforce AMIP Management, LLC's rights and remedies with respect to the Property.

5. AMIP Management, LLC may commence or continue a foreclosure action to cut off any title interest(s) of the Debtors encumbering the Property.

6. Upon the date this Stipulation is approved by the Court pursuant to a final, non-appealable order (the "Effective Date"), as consideration for entry into this Stipulation, the Debtors, on behalf of themselves, their heirs, representatives and assigns, do hereby fully, finally and forever waive, release and/or discharge AMIP Management, LLC, and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, partners, subsidiaries, predecessors, employees, attorneys and agents from any and all of the Debtors' claims, causes of action suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, asserted or unasserted arising out of or relating to the Foreclosure and Sale of the Property (including, without limitation, preference and other chapter 5 avoidance actions, if any), that the Debtors may have against AMIP Management, LLC to the extent permitted by law.

7. Upon the Effective Date, as consideration for entry into this Stipulation AMIP Management, LLC, on behalf of itself, its heirs, representatives and assigns, does hereby fully, finally and forever waive, release and/or discharge the Debtors and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, partners, subsidiaries, predecessors, employees, attorneys and agents from any and all of AMIP Management, LLC's claims, causes of action suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, asserted or unasserted arising out of or relating to the Foreclosure and Sale of the Property to the extent permitted by law.

8. The Debtors disclaim any interest in the Property.

9. This Stipulation represents the entire agreement of the Parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

11. If any of the provisions of this Stipulation are determined to be unenforceable, it shall not render the entire Stipulation unenforceable, but only that provision.

12. Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation imposed is deemed waived.

13. This Court shall retain Jurisdiction with respect to all matters arising from or related to the implementation and interpretation of the Stipulation.

*[concluded on following page]*

| | |
|---|---|
| Dated: July 24, 2020<br>Garden City, New York | Dated: July 24, 2020<br>New York, New York |
| AMIP MANAGEMENT, LLC AS INVESTOR FOR WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-E<br>By its Counsel<br>FRIEDMAN VARTOLO LLP | AURORA COMMERCIAL CORP., *et al.*,<br>*Post-Confirmation Debtors*<br><br><br><br><br>By their Counsel<br>TOGUT, SEGAL & SEGAL LLP, |
| By: | By: |
| */s/ Katherine Heidbrink*<br>KATHERINE HEIDBRINK<br>1325 Franklin Ave., Ste. 230<br>Garden City, New York 11530<br>(212) 471-5100 | */s/ Kyle J. Ortiz*<br>KYLE J. ORTIZ<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000 |

**SO ORDERED** this 11th day of August 2020
in New York, New York


/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

5